UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HASSAN SHAMDEEN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ALBERTO R. GONZALES, et al., <br><br> Defendants. | No. C07-164P <br><br> ORDER ON PENDING MOTIONS |

This matter comes before the Court on two motions: (1) Plaintiffs' "motion for injunctive relief; request for order to show cause" (Dkt. No. 4); and (2) Defendants' cross-motion to sever for misjoinder of parties (Dkt. No. 5). Having reviewed the papers and pleadings submitted by the parties, the Court ORDERS as follows:

(1) The Court GRANTS Defendants' motion to sever for misjoinder of parties. Case number C07-164P will proceed only as to Hassan Shamdeen, the first named Plaintiff in the amended complaint (Dkt. No. 7) filed by Plaintiffs. The claims of the fourteen other Plaintiffs named in Plaintiffs' amended complaint will be severed into separate actions and will be assigned separate case numbers, as discussed in greater detail in Section II.B of this order.

(2) The Court GRANTS in part and DENIES in part Plaintiffs' "motion for injunctive relief; request for order to show cause." Although the Court finds that the injunctive relief requested

ORDER - 1

by Plaintiffs is not appropriate, the Court ORDERS Defendants to show cause by <u>May 25, 2007</u> why Plaintiff Hassan Shamdeen's petition for naturalization should not be granted.  The parties are advised that after separate case files are opened by the Clerk for the other fourteen Plaintiffs named in the amended complaint, the Court will issue separate orders for Defendants to show cause by May 25, 2007 why each Plaintiff named in the first amended complaint should not be naturalized.

## I. Background

The original complaint in this matter (Dkt. No. 1) was filed by twelve Plaintiffs.  The Defendants named in the original complaint include Attorney General Alberto Gonzales, Secretary of Homeland Security Michael Chertoff, Federal Bureau of Investigation (FBI) Director Robert Mueller, United States Citizenship and Immigration Services (CIS) Director Emilio Gonzalez, Seattle CIS District Diretor Jack Bennett, the Department of Justice, the Department of Homeland Security, CIS, and the FBI.  On March 2, 2007, Plaintiffs filed a first amended complaint that added three other Plaintiffs to the action.  (Dkt. No. 7).

Plaintiffs allege that they have filed applications for citizenship and that Defendants failed to issue decisions on their applications for naturalization within 120 days of the examination on their applications.  Plaintiffs ask the Court to assume exclusive jurisdiction to make a determination on their naturalization applications pursuant to 8 U.S.C. § 1447(b).  Plaintiffs also request that the Court "mandamus the FBI to complete any name checks or background checks required by law or regulation." (Dkt. No. 7 at 3).  Plaintiffs are citizens of a number of different countries, including Iraq, Lebanon, Vietnam, Yemen, Azerbaijan, Somalia, and Laos.  Plaintiffs have been waiting various periods of time for decisions on their naturalization applications.

Plaintiffs have filed a pleading titled "motion for injunctive relief; request for order to show cause."  Defendants have filed a brief in opposition to Plaintiffs' motion, along with a cross-motion to sever for misjoinder of parties.

ORDER - 2

## II. Analysis

**A.  <u>Defendants' Motion to Sever</u>**

Defendants have moved to sever Plaintiffs' claims pursuant to Fed. R. Civ. P. 20 and 21. Rule 20(a) provides:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

Rule 21 provides that "misjoinder of parties is not ground for dismissal of an action." However, the rule also provides that parties "may be dropped or added by order of the court" and "any claim against a party may be severed and proceeded with separately."

The Ninth Circuit has noted that Rule 20(a) imposes two specific requirements for multiple plaintiffs to join in a single action: "(1) the right to relief asserted by each plaintiff must arise out of or relate to the same transaction or occurrence, or series of transactions or occurrences; and (2) a question of law or fact common to all parties must arise in the action." <u>Coughlin v. Rogers</u>, 130 F.3d 1348, 1351 (9th Cir. 1997). "If joined plaintiffs fail to meet both of these requirements, the district court may sever the misjoined plaintiffs, as long as no substantial right will be prejudiced by the severance." <u>Id.</u>

Here, Plaintiffs are seeking a hearing in this Court on their naturalization applications pursuant to 8 U.S.C. § 1447(b). This statute provides:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination [upon application for naturalization] is conducted . . . , the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

In this case, there may be one or more questions of law common to all Plaintiffs. As a threshold question, Plaintiffs ask the Court to assume jurisdiction over this matter. (First Amended Complaint at 15). In other cases before this Court, Defendants have repeatedly argued that this Court

ORDER - 3

1  lacks jurisdiction to hear cases brought under 8 U.S.C. § 1447(b) until 120 days after all background
2  checks have been completed, as opposed to 120 days after the date of the naturalization examination.
3  See, e.g., Aslam v. Gonzales, 2006 WL 3749905 (W.D. Wash. Dec. 19, 2006); Said v. Gonzales,
4  2006 WL 2711765 (W.D. Wash. Sept. 21, 2006). In addition, all Plaintiffs challenge the authority of
5  Defendants to require "FBI name checks" prior to adjudication of their naturalization applications. As
6  a result, it is possible that "a question of law or fact common to all parties" would arise in this action.
7  Coughlin, 130 F.3d at 1351.
8       However, Plaintiffs have not satisfied Rule 20(a)'s requirement that "the right to relief asserted
9  by each plaintiff must arise out of or relate to the same transaction or occurrence, or series of
10 transactions or occurrences." Id. To be sure, Plaintiffs contend that Defendants failed to issue
11 decisions on each of their applications for naturalization within 120 days of their naturalization
12 examinations and that Defendants' policy of requiring "FBI name checks" has been a cause of the
13 delay. However, Plaintiffs' common allegation of delay does not by itself satisfy the "same
14 transaction" requirement of Rule 20(a). See id. at 1350 (noting that "the mere allegation of general
15 delay is not enough to create a common transaction or occurrence"). Plaintiffs are asking the Court to
16 conduct a de novo review of each individual Plaintiff's application for naturalization, determine
17 whether each Plaintiff meets the requirements for U.S. citizenship, and grant each application. (First
18 Amended Complaint at 15). To make these determinations, the Court must conduct a de novo review
19 of each Plaintiff's case and must consider the facts of each Plaintiff's case on an individualized basis.
20 The Court cannot grant Plaintiffs' naturalization applications simply due to Defendants' delays in
21 adjudicating their applications. Although delays in deciding Plaintiffs' naturalization applications may
22 allow each Plaintiff to seek a hearing in this Court under 8 U.S.C. § 1447(b), such delays do not
23 automatically entitle each Plaintiff to naturalization.
24      In Coughlin, the Ninth Circuit indicated that a district court may sever misjoined plaintiffs "as
25 long as no substantial right will be prejudiced by the severance." Id. The Court recognizes that it

ORDER - 4

may be more efficient for Plaintiffs' counsel to litigate these cases as a single action under a single case number, rather than as fifteen separate actions. However, there is no basis for the Court to conclude that such concerns would be so prejudicial to Plaintiffs' rights as to overcome the requirements of Rule 20(a). In recent months, a significant number of petitions for naturalization under 8 U.S.C. § 1447(b) have been filed in this Court, virtually all of which have been filed on behalf of a single plaintiff. Other attorneys have managed to adjudicate multiple naturalization cases as separate actions, and Plaintiffs' counsel should be able to do so as well.

Therefore, the Court will grant Defendants' motion to sever under Rule 20(a) and Rule 21. In Section B below, the Court describes the procedures that will be followed in severing each Plaintiff's claims into a separate action.

**B.    Severance Procedures**

Case number C07-164P will proceed only as to the claims of Hassan Shamdeen, the first named Plaintiff in the amended complaint filed under this case number. The claims of the other fourteen Plaintiffs named in the first amended complaint will be severed from case number C07-164P. Each of those fourteen Plaintiffs will be assigned an individual case number for his or her claims as set forth below. The undersigned district judge will remain assigned to each case.

| New Case Number | Plaintiff |
| --- | --- |
| C07-585P | Kadhim Al-Shaibani |
| C07-586P | Samira Alghawi[1] |
| C07-587P | Luay Finchan |
| C07-588P | Fawzia Osman |
| C07-589P | Ngoc Dang |

---

[1] This Plaintiff's name is spelled three different ways in the amended complaint. In the caption and in paragraph 31, her name is spelled "Samira Alghawi," but she is also referred to as "Samira Al Ghawi" (paragraph 5) and "Samira Algawi" (page 2 and paragraph 1). The Court spells her name as it appears in the caption of the complaint.

ORDER - 5

| | |
|---|---|
| C07-590P | Faissal Al Amri |
| C07-591P | Fatima Ali |
| C07-592P | Majid Al-Haider |
| C07-593P | Vladimir Arutyunov |
| C07-594P | Jasim Abo Ghanim |
| C07-595P | Saeed Ali |
| C07-596P | Anbar Dirir |
| C07-597P | Vanh Phompanya |
| C07-598P | Ahmed Scego |

The following provisions will apply to all of these cases:

1. <u>Operative Complaint</u>

The operative complaint in each case number listed above will be the first amended complaint (Dkt. No. 7) filed in case number C07-164P. The Clerk will file a copy of the first amended complaint from C07-164P in case numbers C07-585P through C07-598P. Unless otherwise directed by the Court, it will not be necessary to file or serve amended complaints in any of these cases. In each separate case, the parties may disregard allegations in the first amended complaint that relate to Plaintiffs other than the individual Plaintiff assigned to that case number. In pleadings filed in any given case, the only Plaintiff named in the caption should be the Plaintiff assigned to that case.

2. <u>Counsel of Record</u>

Counsel of record in case number C07-164P will be designated as counsel of record in case numbers C07-585P through C07-598P. If the parties wish to substitute different counsel in any individual case, they may do so by filing a notice of withdrawal and substitution of counsel.

3. <u>Filing Fees</u>

Under the circumstances presented here, the Court will waive any filing fees for case numbers C07-585P through C07-598P. <u>See, e.g.</u>, <u>Reid v. General Motors Corp.</u>, 240 F.R.D. 260, 264 (E.D. Tex. 2007) (waiving filing fee for separate case opened pursuant to severance order). However,

ORDER - 6

1  Plaintiffs' counsel is advised that the Court makes this exception to the requirements of 28 U.S.C. §§
2  1914 and 1915 for these cases only. If multiple plaintiffs are misjoined in a single Section 1447(b)
3  action in the future, counsel should expect that the Court will sever misjoined plaintiffs into separate
4  cases and will require separate filing fees or in forma pauperis applications to be filed for each plaintiff.

5        4.     <u>Case Management</u>

6       Unless otherwise ordered by the Court, the fifteen cases will be coordinated to proceed on the
7  same schedule. The Court expects that counsel will work cooperatively in an effort to resolve these
8  cases as quickly, efficiently, and amicably as possible. Counsel should be aware of the growing
9  number of naturalization petitions pending in this Court and should make reasonable efforts to
10 determine if any of these cases may be resolved through agreed orders.

11      If a common issue of law or fact arises in two or more of the severed cases, the Court may
12 order consolidated briefing or hearings on such issues under Rule 42(a). Although Defendants assert
13 that there "can be no common issues of fact or law" in these cases (Defendants' cross-motion to sever
14 at 4), it is possible that common issues may arise with respect to jurisdictional issues and other issues,
15 as discussed earlier.

16 **C.**    **<u>Plaintiffs' "Motion for Injunctive Relief; Request for Order to Show Cause"</u>**

17      Plaintiffs have also filed a motion titled "motion for injunctive relief; request for order to show
18 cause." Because Plaintiffs filed this motion pursuant to Fed. R. Civ. P. 65, the Court regards this as a
19 request for a preliminary injunction. In the motion, Plaintiffs ask that the Court "enjoin Defendants
20 from causing further delay" and "order that Defendants make a final adjudication of the naturalization
21 applications within 14 days" of the order on the motion.

22      Plaintiffs' request for a preliminary injunction is not appropriate. Their request to enjoin
23 Defendants from "causing further delay" is too vague to support an injunctive order. <u>See</u> Fed. R. Civ.
24 P. 65(d) (orders for injunctive relief must "be specific in terms" and "shall describe in reasonable detail
25 . . . the act or acts sought to be restrained"). It would also be inappropriate for the Court to issue a

ORDER - 7

1  preliminary injunction directing Defendants to make a final adjudication on Plaintiffs' naturalization
2  applications. After a plaintiff files a petition for a naturalization hearing under § 1447(b), the district
3  court assumes exclusive jurisdiction over the naturalization application. United States v. Hovsepian,
4  359 F.3d 1144, 1159 (9th Cir. 2004). The Court would effectively have to cede jurisdiction over
5  Plaintiffs' naturalization applications to issue a preliminary injunction ordering Defendants to make a
6  final adjudication on Plaintiffs' applications.

7  In the alternative, Plaintiffs ask the Court to "issue an Order that Defendants Show Cause
8  within 14 days of the Order . . . why this Court should not immediately grant the relief requested."
9  The Court finds that Plaintiffs' request for an order to show cause is appropriate. Indeed, this Court
10 typically issues such orders in actions brought under 8 U.S.C. § 1447(b) as a matter of course.
11 However, in light of the large number of cases here, the Court will provide Defendants with more than
12 14 days to respond to orders to show cause.

13 Therefore, the Court hereby ORDERS Defendants to show cause by May 25, 2007 why the
14 Court should not grant Plaintiff Hassan Shamdeen's application for naturalization by the authority of
15 the Immigration and Nationality Act, which confers jurisdiction to this Court to compel agency action
16 on a naturalization application or make a ruling on the merits "[i]f there is a failure to make a
17 determination . . . before the end of the 120-day period after the date on which the examination is
18 conducted . . . ." 8 U.S.C. § 1447(b). Defendants shall respond to this order with a written pleading
19 that states: (1) all reasons that Plaintiff Shamdeen's naturalization application has not been approved;
20 (2) all reasons that the Court should not approve the application immediately; and, if appropriate (3) a
21 proposed plan for promptly deciding Plaintiff Shamdeen's naturalization application.

22 The parties are advised that once separate case files are opened for the other fourteen Plaintiffs
23 named in the first amended complaint, the Court will issue similar orders to show cause to Defendants
24 for the other Plaintiffs, with responses to be due on May 25, 2007.

25

ORDER - 8

### III.   Conclusion

Consistent with the discussion above, the Court GRANTS Defendants' motion to sever for misjoinder of parties. Case number C07-164P will proceed only as to Hassan Shamdeen, the first named Plaintiff in the amended complaint (Dkt. No. 7) filed by Plaintiffs. The claims of the fourteen other Plaintiffs named in Plaintiffs' first amended complaint will be severed into separate actions and will be assigned separate case numbers as discussed in Section II.B above.

The Court also GRANTS in part and DENIES in part Plaintiffs' "motion for injunctive relief; request for order to show cause." Although the Court finds that the injunctive relief requested by Plaintiffs is not appropriate, the Court ORDERS Defendants to show cause by May 25, 2007 why Plaintiff Hassan Shamdeen should not be naturalized. After separate case files are opened by the Clerk for the other fourteen Plaintiffs named in the amended complaint, the Court will issue separate orders for Defendants to show cause by May 25, 2007 why each Plaintiff named in the first amended complaint should not be naturalized.

The Clerk is directed to send copies of this order to all counsel of record.

Dated:   April 23, 2007

s/Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER - 9